IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL FIDELITY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| DOS LOGISTICS, INC., DOS LAND SURVEYING, LLC, DOS LAND & CATTLE COMPANY, LLC, and ERIC YBARRA, individually, | § § § § § § § | Civil Action No. _____ |
| Defendants. | § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff International Fidelity Insurance Company files this Original Complaint against Defendants Dos Logistics, Inc., Dos Land Surveying, LLC, Dos Land & Cattle Company, LLC, and Eric Ybarra, individually (collectively "Defendants"), and in support thereof, respectfully show the Court as follows:

**I.**

**PARTIES**

1.   Plaintiff International Fidelity Insurance Company ("IFIC") is a corporation authorized to conduct business as a surety in the State of Texas.

2.   Defendant Dos Logistics, Inc. ("Dos Logistics") is a Texas corporation with its principal place of business in Weslaco, Texas. Dos Logistics may be served with process by serving its registered agent, Eric Camarillo Chin, located at 2904 E. Mi 9 ½, Donna, Texas 78537, or Eric Ybarra, located at 212 W. 3rd Street, Weslaco, Texas 78596.

3. Defendant Dos Land Surveying, LLC ("Dos Land Surveying") is a Texas limited liability company with its principal place of business in Weslaco, Texas. Dos Surveying may be served with process by servicing its registered agent, Wilson, Bellamy, Brown & Wilson, LLP, located at 3308 Broadway, Suite 300, San Antonio, Texas 78209.

4. Defendant Dos Land & Cattle, LLC ("Dos Land & Cattle") is a Texas limited liability company with its principal place of business in Weslaco, Texas. Dos Land & Cattle may be served with process by serving its registered agent, Eric Chin, located at 2841 E. Mi 9 ½, Donna, Texas 78537, or Eric Ybarra, located at 2841 E. Mi 9 ½, Donna, Texas 78537.

5. Defendant Eric Ybarra is a United States citizen whose domicile is in the State of Texas. Mr. Ybarra may be served with process at his residential address of 24114 FM 2556, Santa Rosa, Texas 78593.

## II.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) in that the Defendants reside in this District and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.

## FACTUAL BACKGROUND

8. At Dos Logistics's request, IFIC issued Bid Bond No. IN0086 (the "Bid Bond") and Performance and Payment Bond Nos. HSIFSU0614552 (collectively, the "Bonds"), on

behalf of Dos Logistics, as Principal, in connection with a construction project known as Ebony Avenue Street & Drainage Improvements in Starr County, Texas (the "Project").

9. As consideration for and to induce IFIC to issue the Bonds, IFIC first required Defendants to execute an Agreement of Indemnity ("Indemnity Agreement") in favor of IFIC. A true and correct copy of the Indemnity Agreement is attached hereto as **EXHIBIT A** and is fully incorporated by reference.

10. Paragraph THIRD of the Indemnity Agreement, titled "Discharge and Additional Security, provides, in pertinent part, as follows:

> The Contractor and Indemnitors will, upon the written request of the Surety, promptly procure the full and complete discharge of the Surety from any Bonds specified in such request and all potential liability by reason of such Bonds. If such full and complete discharge is unattainable, the Contractor and Indemnitors will, if requested by the Surety, within five (5) business days, place the Surety in funds that are immediately available and sufficient to meet all of the Surety's liabilities that are in force prior to the date of the Surety's demand. The Surety may make such demand for funds at any time and without regard to whether it has sustained any loss or received any claim. The amount of such demand, including reasonable attorney fees and expenses, is at the sole discretion of the Surety.
>
> The Contractor and Indemnitors waive, to the fullest extent permitted by applicable law, each and every right which they may have to contest such payment. Failure to make immediate payment to Surety as herein provided shall cause the Contractor and Indemnitors to be additionally liable for any and all reasonable costs and expenses, including attorneys fees, incurred by the Surety in enforcing this provision.
>
> In the event that any or all of the Contractor and Indemnitors fail to comply with such demand as stated in this provision, the Contractor and Indemnitors hereby authorize and empower any attorney of any court of record of the United States or any of its territories or possessions, to appear for them or any of them in any suit by Surety and confess judgment against them or any of them for any sum or sums of money up to the amount of any or all Bond or Bonds, with costs, interest and attorney's fees; such judgment, however, to be satisfied upon the payment of any and all such sums as may be found due by the Contractor and Indemnitors to Surety under the terms of this provision. The authority to confess

judgment as set forth herein shall not be exhausted by one exercise thereof, but may be exercised from time to time and more than one time until all liability of the Contractor and Indemnitors to the Surety shall have been paid in full. Demand shall be sufficient if sent by registered or certified mail, hand delivered, or via overnight mail to the last known address of the Contractor and Indemnitors, whether or not actually received.[1]

11. On May 16, 2014, City of Roma, Texas ("Roma") made demand on Dos Logistics and IFIC, seeking damages under the Bid Bond resulting from Dos Logistics's alleged default on its bid to perform work on the Project. Thereafter, Roma filed suit against Dos Logistics and IFIC, asserting its alleged entitlement to enforcement of the terms of the Bid Bond or, in the alternative, the Performance Bond.

12. On August 27, 2014, IFIC sent correspondence to Defendants, demanding that Defendants place in funds with IFIC as collateral security the sum of $846,600.00, the reserve established by IFIC to cover any liability, loss, expense or possible liability for any loss or expense for which Defendants may be obligated to indemnify IFIC under the terms of the Indemnity Agreement.

13. IFIC is exposed to losses and expenses in the amount of $846,600.00 in connection with claims on the Bonds as a result of Dos Logistics's alleged default on the Project. Despite demand, Defendants have failed to pay the sum demanded by IFIC as collateral security against losses against the Bonds. Such failure constitutes a default and a breach of the Indemnity Agreement.

---

[1] *See* Indemnity Agreement, p. 3.

## IV.

## **CAUSES OF ACTION**

### A. BREACH OF INDEMNITY AGREEMENT

14. IFIC realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

15. Defendants executed an Indemnity Agreement, whereby they agreed, jointly and severally, to indemnify IFIC against any liability or loss in connection with the Bonds.

16. Defendants have failed to place in funds with IFIC as collateral security the sum of $846,600.00, the reserve established by IFIC to cover any liability, loss, expense or possible liability under the Bonds, which constitutes a breach of the Indemnity Agreement.

17. As a direct and proximate result of Defendants' breach of the Indemnity Agreement, IFIC has incurred and will continue to incur losses, costs, and expenses, including attorneys' fees and costs associated with the prosecution of this action.

### B. COMMON LAW INDEMNITY

18. IFIC realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

19. IFIC has been called upon as a surety for Dos Logistics to pay the difference in the amount of the construction contracts between Roma and Dos Logistics and the second low bidder, plus professional fees by Roma in pursuing a contract with the second low bidder and pursuing its claims.

20. Dos Logistics benefitted from IFIC's posting of the Bonds, as Dos Logistics could not have submitted a bid for the Project for which the Bonds were issued without the Bonds.

21. Under the theories of common law indemnity, unjust enrichment, and restitution, IFIC is entitled to payment by Dos Logistics for all of IFIC's loss and expense resulting from issuance of the Bonds.

  C.  **EXONERATION**

22. IFIC realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

23. Defendants are liable to IFIC under the Indemnity Agreement for all amounts necessary to exonerate IFIC from liability asserted against it.

  D.  **COLLATERALIZATION/QUIA TIMET**

24. IFIC realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

25. Defendants are liable to IFIC under the Indemnity Agreement for any amount of collateral necessary to cover all losses of IFIC under the Bonds.

**V.**

**CONDITIONS PRECEDENT**

26. All conditions precedent to bring the current action have been performed.

**VI.**

**RECOVERY OF ATTORNEYS' FEES**

27. IFIC realleges and incorporates by reference those allegations contained in the above paragraphs as if fully set forth herein.

28. The Indemnity Agreement entitles IFIC to recover its attorneys' fees and costs arising from Defendants' breach of the Indemnity Agreement. The above-described acts forced

IFIC to retain legal counsel to pursue recovery for damages caused by Defendants' acts and/or omissions. Accordingly, IFIC seeks reimbursement for its reasonable attorneys' fees and costs.

29. Additionally, and alternatively, IFIC is entitled to recovery of its attorneys' fees under Section 38.001 of the Texas Civil Practice & Remedies Code.

## VII.

## INTEREST

30. IFIC is also entitled to recover prejudgment interest under its breach of contract action against Defendants at the highest rate allowed by law. Further, if IFIC recovers on this action, it is entitled to post-judgment interest at the highest rate allowed by law, from the date of judgment until such judgment is satisfied.

## VIII.

## PRAYER

For the foregoing reasons, Plaintiff International Fidelity Insurance Company respectfully requests that Defendants Dos Logistics, Inc., Dos Land Surveying, LLC, Dos Land & Cattle, LLC, and Eric Ybarra be cited to appear and to answer herein; and that Plaintiff be granted judgment against Defendants for each of the following:

1. Judgment upon any of the theories, action, or causes of action or counts pled herein against Defendants and judgment against Defendants for all other relief enumerated (whether generally or specifically);

2. Judgment against Defendants for Plaintiff's reasonable attorney's fees and expenses;

3. Judgment against Defendants for prejudgment interest to which Plaintiff is entitled, at the highest rate allowed by law, and all post-judgment interest to which Plaintiff is entitled, at the highest rate allowed by law, from the date of judgment until such judgment is satisfied;

4. Judgment against Defendants for all costs of court; and

5. For such other general and special relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

By: *s/ Mike F. Pipkin*
MIKE F. PIPKIN
State Bar No. 16027020
Southern District No. 14820
MELISSA L. GARDNER
State Bar No. 24044526
Southern District No. 627117

**SEDGWICK LLP**
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Telephone: (469) 227-8200
Facsimile: (469) 227-8004
mike.pipkin@sedgwicklaw.com
melissa.gardner@sedgwicklaw.com

**ATTORNEYS FOR PLAINTIFF INTERNATIONAL FIDELITY INSURANCE COMPANY**